UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THERISA GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>BISHOP, WHITE, & MARSHALL, P.S.,<br><br>    Defendant. | CASE NO. C10-5206BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT PLAINTIFF'S MOTION FOR STAY OR ABATEMENT |

This matter comes before the Court on Plaintiff Therisa Green's ("Green") motion for leave to file an amended complaint (Dkt. 15), Defendant Bishop, White, & Marshall's ("BWM") motion for summary judgment (Dkt. 11), and Green's motion for stay or abatement of the Court's ruling on BMW's motion for summary judgment (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Green's motion for leave to file an amended complaint, denies BWM's motion for summary judgment without prejudice, and denies as moot Green's motion to stay for the reasons stated herein.

On September 28, 2010, Green filed the instant motion to amend her complaint. Dkt. 15. On October 4, 2010, BMW filed its response to the motion to amend (Dkt. 20), and on October 15, 2010, Green replied (Dkt. 21). On September 13, 2010, BWM filed its motion for summary judgment. Dkt. 11. Green has not filed a response to BWM's motion for summary judgment.

ORDER – 1

The "Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986) (citations omitted). In considering whether to permit an amended pleading, courts consider the following factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Courts should not grant leave to amend where amendment would be futile. *See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). Amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.[–]the leave sought should, as the rules require, be freely given.

*Breier v. Northern Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 789-790 (9th Cir. 1963) (citing *Foman v. Davis*, 371 U.S. 178, 182, (1962)) (internal quotations omitted).

Green moves the Court for leave to file an amended complaint within the time allotted by the Court for amending pleadings. Dkt. 10. BMW argues that the motion to amend was not timely. *See* Dkt. 18 at 1-2. The Court set the deadline for filing amended pleadings for September 28, 2010. Dkt. 10. Green filed her amended complaint on September 28, 2010. *See* Dkt. 15. Therefore, Green's motion for leave to amend was timely.

BWM argues that filing an amended complaint at this time would prejudice BWM because it had spent fifty hours preparing a motion for summary judgment based on the

ORDER – 2

original complaint. Dkt. 18 at 2. BWM elected to file its motion for summary judgment prior to the allotted due date for filing amended pleadings. Dkt. 11. Therefore, BWM is not prejudiced–it can renew its motion for summary judgment after the amended complaint is filed.

BWM also argues that the amended complaint would be futile because, "[t]o the extent that new claims are raised in the proposed amended complaint, they are beyond the statute of limitations." Dkt. 18 at 2. However, because the Court finds that the briefing on the statute of limitations issue is inadequate, it cannot conclude at this point that Green's amendment would be futile. Considering the *Allen* factors, the Court will permit Green to amend her complaint. *See Allen*, 911 F.2d at 373. Once the amended complaint is filed, BWM may renew its motion for summary judgment. Any such renewal shall be briefed in accordance with the local rules.

Therefore, the Court **GRANTS** Green's motion for leave to amend, **DENIES without prejudice** BWM's motion for summary judgment, and **DENIES** Green's motion to stay or abate as moot.

DATED this 10th day of November, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3